UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-25123

LAURA VALDES GOMEZ,

    Plaintiff,

vs.

PHYSICIANS ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Laura Valdes Gomez, sues Defendant, Physicians Associates, LLC, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Laura Valdes Gomez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendant.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Physicians Associates, LLC,** is a *sui juris* Florida for-profit limited liability corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because it maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## *Background Facts*

10. Defendant was Plaintiff's "employer" for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

11. Defendant operated a medical practice that was part of the "JustWell Medical Group" in which it provided patients access to primary care physicians; ancillary services such as nebulizer treatments, ear lavage, and laboratory services; diagnostic imaging services; and a membership plan to patients.

12. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its provision of medical care and related services to patients, which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce, including syringes, injectable weight loss medications

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

(Semaglutide and Tirzepatide), gauzes, vitamins, supplements, vaccines, and other goods, materials, and supplies that traveled from outside of the State of Florida

14. Furthermore, Defendant regularly and recurrently obtained, solicited, and exchanged funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15. Defendant's annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or $125,000.00 for each fiscal quarter in which Plaintiff worked.

16. In 2023, Defendant purchased and/or assumed the responsibility of managing and operating the medical practice at which Plaintiff had worked since 2021.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

18. Although Plaintiff had been an hourly employee who received overtime pay when she worked more than 40 hours a week before the change in ownership/management, Defendant converted Plaintiff to a salaried employee and did not pay her overtime wages.

19. Defendant paid Plaintiff at a rate of $760 per week, based on her receiving $19 per hour for 40 hours a week.

20. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while working for Defendant that the Fair Labor Standards Act applied to her work for Defendant in the course of her work in confirming patients' insurance information by regularly and routinely contacting insurers and third-party payors by calling persons outside of the State of Florida.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

*Liability*

21. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

22. Defendant failed and refused to pay Plaintiff overtime wages calculated at one and one-half times her regular hourly pay rate for all hours worked over 40 hours in a given workweek.

23. Defendant willfully and intentionally refused to pay Plaintiff wages at a time and one-half times her regular pay rate for each of the overtime hours worked during the relevant period.

24. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked since it took over the ownership and/or management of the medical practice violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that it was not required to pay an overtime rate, and/or I tconcocted a scheme pursuant to it the deprived Plaintiff the overtime pay earned.

25. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Laura Valdes Gomez, demands the entry of a judgment in her favor and against Defendant, Physicians Associates, LLC, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Laura Valdes Gomez, demands a trial by jury of all issues so triable.

Respectfully submitted this 30th day of December 2024,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*