**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-25123-CIV-LENARD/ELFENBEIN

**LAURA VALDES GOMEZ,**

    Plaintiff,

**v.**

**PHYSICIANS ASSOCIATES, LLC,**

    Defendant.

_____/

**NOTICE OF COURT PROCEDURE IN ACTIONS BROUGHT UNDER THE**
**FAIR LABOR STANDARDS ACT AND REFERRAL TO MAGISTRATE JUDGE**
**FOR SETTLEMENT CONFERENCE**

**THIS MATTER** is before the Court upon a *sua sponte* review of the record. The Complaint in this action is filed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). In order to assist the Court in the management of this case, and in an effort to foster early and cost-effective resolution, the Parties are hereby **ORDERED** to comply with the following procedures:

    1.    Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff is required to state a "short and plain statement of the claim." While this Rule places only a light burden on a plaintiff, it does require that a plaintiff "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, *N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Complaint filed under the FLSA shall include, at a minimum, a statement setting forth the following with respect to each Plaintiff(s):

    a.    An initial estimate of the total amount of alleged unpaid wages;

    b.    A preliminary calculation of such wages;

    c.    The approximate period during which the alleged violations occurred; and

    d.    The nature of the wages (e.g. overtime or straight time).

Plaintiff is directed to file a "Statement of Claim" and/or file an Amended Complaint that conforms with these requirements within **twenty (20) days** from the date of this Order. Plaintiff shall promptly serve a copy of this Notice of Court Procedure, the Statement of Claim, and copies of <u>all</u> supporting documents (including time sheets, pay stubs, etc.) upon Defendant's counsel once an appearance has been made or at the time the Statement of Claim is filed (if defense counsel has already appeared);

    2.    Defendant shall then file a "Response to Plaintiff's Statement of Claim" setting forth in detail its defenses to Plaintiff's claim(s) and serve copies of <u>all</u> supporting documents within **twenty (20) days** of being served with Plaintiff's Statement of Claim;

    3.    This matter is **REFERRED** for purposes of a settlement conference before Magistrate Judge Marty Fulgueira Elfenbein, to occur within **twenty (20) days** of Defendant filing its Response to Plaintiff's Statement of Claim. Counsel shall confer and contact Magistrate Judge Elfenbein's Chambers prior to the due date for Defendant's Response to Plaintiff's Statement of Claim in order to schedule the settlement conference. Except as provided under Local Rule 16.2(e), the appearance of counsel and each party, or representatives of each party with full authority to enter into a full and complete settlement, is mandatory. Appearance shall be in person; telephonic appearance is prohibited absent

Court Order. All discussions, representations, and statements made at the settlement conference shall be confidential and privileged.

4. In the event the settlement conference is unsuccessful, all parties are required to participate in subsequent mediation, which shall take place within two (2) weeks after the date on which all fact discovery is to be completed;

5. In the event that similarly-situated individual(s) wish to become party plaintiff(s) after the filing of the original Complaint, such individual(s) shall file their consent to do so in writing, see 29 U.S.C. § 216(b), together with an affidavit(s) stating the following:

    a. Why the affiant believes (s)he is similarly situated to the original named plaintiff(s);

    b. An initial estimate of the total amount of his/her alleged unpaid wages;

    c. A preliminary calculation of such wages;

    d. The approximate period during which the alleged violations occurred;

    e. The nature of the wages (e.g. overtime or straight time); and

    f. If the affiant has personal knowledge of other similarly-situated individual(s) apart from the original named plaintiff(s), the affidavit shall contain the name of such similarly-situated individual(s), and shall also state why the affiant believes such individual(s) are similarly situated.

6. **Counsel for Plaintiff(s) shall follow the procedure outlined above and SHALL NOT file motion(s) to amend the Complaint to include additional opt-in plaintiff(s) or circumvent the above procedure by the filing of separate, related cases against the same Defendant(s).  Further, counsel for Plaintiff(s) shall adhere to the deadline for filing all opt-in consents and affidavits as determined by the parties in the Joint Scheduling Report**;

7. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions, including but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of January, 2025.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**