UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-25123-LENARD/ELFENBEIN

LAURA VALDES GOMEZ,

    Plaintiff,

v.

PHYSICIANS ASSOCIATES, LLC,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, PHYSICIANS ASSOCIATES, LLC ("Defendant"), hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, LAURA VALDES GOMEZ ("Plaintiff"), and in support thereof states as follows:

## ANSWER

In response to the unnumbered paragraph preceding paragraph 1 of the Complaint, Defendant admits that Plaintiff sues Defendant through the filing of this action but denies that Plaintiff's claims have merit, that Plaintiff has suffered any harm for which Defendant is liable, and that Plaintiff is entitled to any relief from Defendant.

1. Defendant admits that Plaintiff is over 18 years old. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 1 and therefore, denies them and demands strict proof thereof.

2. The allegations in paragraph 2 state a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies these allegations and demands strict proof thereof.

CASE NO. 1:24-cv-25123

3. Defendant denies the allegations in paragraph 3 of the Complaint and demands strict proof thereof.

4. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 4 and therefore, denies them and demands strict proof thereof.

5. Defendant admits that it is a for-profit Florida limited liability corporation with its principal place of business in Miami-Dade County, Florida and that is authorized to and has conducted business in Miami-Dade County, Florida. Defendant denies the remaining allegations in paragraph 5 and demands strict proof thereof.

6. Defendant admits that venue is proper in the Miami Division of the Southern District of Florida. Defendant denies the remaining allegations in paragraph 6 and demands strict proof thereof.

7. Defendant admits that this Court has original jurisdiction over Plaintiff's FLSA claims. Defendant denies the remaining allegations in paragraph 7 and demands strict proof thereof.

8. Defendant denies the allegations in paragraph 8 and demands strict proof thereof.

9. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 9 and therefore, denies them and demands strict proof thereof.

10. The allegations in paragraph 10 state a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies these allegations and demands strict proof thereof.

11. Defendant denies the allegations in paragraph 11 and demands strict proof thereof.

12. The allegations in paragraph 12 state a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies these allegations and demands strict proof thereof.

13. The allegations in paragraph 13 state a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies these allegations and demands strict proof thereof.

14. Defendant admits these allegations.

15. Defendant admits that its gross revenues exceeded $500,000 in 2024. Defendant denies the remaining allegations in paragraph 15 and demands strict proof thereof.

16. Defendant denies the allegations in paragraph 16 and demands strict proof thereof.

17. Defendant admits it has in its custody employment records for Plaintiff. Defendant denies the remaining allegations in paragraph 17 and demands strict proof thereof.

18. Defendant admits Plaintiff's position was classified as a position exempt from the overtime requirements of the FLSA. Defendant denies the remaining allegations and demands strict proof thereof.

19. Defendant denies the allegations in paragraph 19 and demands strict proof thereof.

20. The allegations in paragraph 20 state a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies these allegations and demands strict proof thereof.

21. Defendant denies the allegations in paragraph 21 and demands strict proof thereof.

22. Defendant admits that Plaintiff worked in a position exempt from the overtime requirements of the FLSA. Defendant denies the remaining allegations in paragraph 22 and demands strict proof thereof

23. Defendant denies the allegations in paragraph 23 and demands strict proof thereof.

24. Defendant denies the allegations in paragraph 24 and demands strict proof thereof.

25. Defendant denies the allegations in paragraph 25 and demands strict proof thereof.

26. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 26 and therefore, denies them and demands strict proof thereof.

27. Defendant denies the allegations in paragraph 27 and demands strict proof thereof.

In response to the Wherefore Clause of the Complaint, Defendant denies all of allegations contained therein, including in all of its subparts, and demands strict proof thereof. Defendant acknowledges that Plaintiff seeks a trial by jury.

## **DEMAND FOR JURY TRIAL**

Defendant acknowledges that in the demand for jury trial, Plaintiff seeks a jury trial. All remaining allegations are denied.

CASE NO. 1:24-cv-25123

## **GENERAL DENIAL**

Defendant denies all allegations, requests for relief, captions, headings, or notes throughout the Complaint that are not specifically admitted by Defendant.

## **AFFIRMATIVE DEFENSES AND DEFENSES**

Subject to and without waiving the above denials, Defendant, PHYSICIANS ASSOCIATES, LLC ("Defendant"), alleges the following further and separate affirmative defenses and defenses:

1. Plaintiff's position was exempt from the overtime requirements of the FLSA under the administrative exemption.

2. If Plaintiff proves that Defendant acted in violation of the FLSA, such actions were not willful or reckless, but rather in good faith and based on a reasonable belief that such actions were not in violation of the FLSA. Thus, neither liquidated damages nor an extended statute of limitations is warranted.

3. Plaintiff's FLSA claims are *de minimus*, and therefore, not subject to payment and do not violate the FLSA.

4. To the extent that Plaintiff engaged in activities during alleged work time that were personal in nature, were not for the benefit of Defendant or did not involve physical or mental exertion controlled or required by Defendant, Plaintiff's claims are barred.

5. Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

CASE NO. 1:24-cv-25123

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other affirmative defenses and defenses as might become available or apparent during discovery, and thus, Defendant reserves the right to move to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses and Defenses.

**WHEREFORE,** Defendant, PHYSICIANS ASSOCIATES, LLC, respectfully requests that the Court enter judgment in its favor, dismissing Plaintiff's claims with prejudice, and awarding Defendant its costs.

Respectfully submitted this 6th of February 2025.

By:  /s/ Diane P. Perez
Diane P. Perez, B.C.S. (41869)
E-mail: *diane@dianeperezlaw.com*
**DIANE PEREZ, P.A.**
1108 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Telephone: (305) 985.5676
Facsimile: (305) 985.5677
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By:  /s/ Diane P. Perez
Diane P. Perez, B.C.S. (41869)

CASE NO. 1:24-cv-25123

**Service List**
Brian H. Pollock, Esq.
FAIRLAW FIRM
135 San Lorenzo Ave., Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
E-mail: brian@fairlawattorney.com
Attorney for Plaintiff