UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-25123-LENARD/ELFENBEIN

LAURA VALDES GOMEZ,

    Plaintiff,

v.

PHYSICIANS ASSOCIATES, LLC,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiff, LAURA VALDES GOMEZ ("Plaintiff"), and Defendant, PHYSICIANS ASSOCIATES, LLC ("Defendant"), (collectively, Plaintiff and Defendant are referred to as the "Parties"), pursuant to S.D. Fla. L.R. 16.1(b), Fed. R. Civ. P. 26(f), and this Court's Order Requiring Completion of Joint Scheduling Report and Form (the "Order") [D.E. 11], hereby submit this Joint Scheduling Report. The Joint Scheduling Form is attached as **Exhibit A**.

**I.  REPORT OF PARTIES' CONFERENCE PURSUANT TO LOCAL RULE 16.1**

  **A. The Likelihood of Settlement:**

The likelihood of settlement cannot be determined at this time. However, the Parties will explore, in good faith, the possibilities of settlement as this case progresses.

  **B. The Likelihood of Appearance of Additional Parties:**

At this time, the Parties do not believe the appearance of additional parties will be likely.

  **C. Proposed Limits on Time:**

    **i. To join other parties and to amend the pleadings:**

The Parties propose to make any motions to amend the pleadings or join other

parties by **May 2, 2025**.

   iii. **To file and hear motions:**

   The Parties' proposed deadline to file case dispositive motions and Daubert motions is **November 14, 2025**.

   iv. **To complete discovery:**

   The Parties' proposed deadline to complete discovery is **October 3, 2025**.

D. **Proposal for the formulation and simplification of the issues including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

At this time, the Parties do not have any proposals for the formulation and simplification of any issues. As the case progresses, the Parties will, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

E. **The necessity or desirability of amendments to the pleadings:**

The Parties do not anticipate the need to amend the pleadings.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties will communicate throughout the discovery phase and pre-trial and work together in good faith to obtain admissions of fact and of documents and their authenticity and other stipulations, which will avoid unnecessary proof at trial.

The Parties have agreed that discovery documents or electronically stored information will be produced electronically in searchable pdf format, unless another format (e.g., native format) is specified in the request, pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), in which case the document or ESI shall be produced in the format requested unless objected to under Federal Rule of Civil Procedure 34(b)(2)(D). If Plaintiff requests email communications from Defendant,

Plaintiff will provide the name(s) of the individual(s) whose email accounts are to be searched, and the Parties will confer on the search terms to be used.

The Parties expect to negotiate and enter into a confidentiality agreement providing for the protection against disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production. The Parties may seek advance rulings from the Court regarding admissibility of evidence through motions *in limine*.

**G. Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence:**

The Parties anticipate that, throughout the course of this litigation, they will be able to stipulate to certain facts and the authenticity of certain documents in an effort to narrow the issues to be presented in the trial of this case, which will avoid the need for unnecessary testimony and evidence establishing basic facts that do not relate to the pertinent issues in dispute.

**H. Suggestions on the advisability of referring matter to a Magistrate Judge or master:**

The Parties do not consent to trial by the Magistrate Judge, nor to the disposition of dispositive pre-trial motions by the Magistrate Judge.

**I. Preliminary Estimate of Time Required for Trial:**

The Parties anticipate that trial will last three (3) days.

**J. Requested Dates for Final Pretrial Conference and Trial:**

The Parties request that a pre-trial conference be held on **March 11, 2026** and that this matter be set for trial for the week of **March 16 2026.**

**K. Any issues about:**

    **(i)**     Any issues about disclosure or discovery of electronically stored information including the form or forms in which it should be produced:

The Parties agree that all electronically stored information ("ESI") shall be produced in searchable PDF format, unless another format (e.g., native format) is specified in the request, pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), in which case the ESI shall be produced in the format requested unless objected to under Federal Rule of Civil Procedure 34(b)(2)(D). The Parties will preserve a true and correct copy of any and all electronically stored data that is responsive to either party's discovery requests. The Parties further agree to take reasonable steps to preserve electronically stored information related to the claims alleged in this case.

**(ii)       Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order:**

The Parties expect to negotiate and enter into a confidentiality agreement providing for the protection against re-disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production.

**(iii)      when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:**

The Parties have agreed to use the ESI Checklist by **May 2, 2025**.

**L. Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

None at this time.

Respectfully submitted this 6th day of March 2025.

| | |
|---|---|
| By: /s/ Patrick Brooks LaRou<br>Brian H. Pollock, Esq.<br>Fla. Bar No. 174742<br>brian@fairlawattorney.com<br>Patrick Brooks LaRou, Esq.<br>Fla. Bar No. 1039018<br>brooks@fairlawattorney.com<br>FAIRLAW FIRM<br>135 San Lorenzo Ave., Suite 770<br>Coral Gables, FL 33146<br>Tel: (305) 230-4884<br>*Attorneys for Plaintiff* | By:   /s/ Diane P. Perez<br>Diane P. Perez, B.C.S.<br>Fla. Bar No. 41869<br>diane@dianeperezlaw.com<br>Diane Perez, P.A.<br>1108 Ponce de Leon Blvd.<br>Coral Gables, Florida 33134<br>Telephone: (305) 985-5676<br>*Attorney for Defendant* |